57 F.3d 1072
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Wayne C. WALKER, Plaintiff-Appellant,
v.
Stephen LAUTNER; Kyle Kigar; James Wagester; James V.
Young; Donald A. Teeple, Defendants-Appellees.
 No. 95-1064.
 United States Court of Appeals, Sixth Circuit.
 June 14, 1995.
 
 1
 Before: NELSON and DAUGHTREY, Circuit Judges, and JARVIS, Chief District Judge.*
 
 ORDER
 
 2
 Wayne C. Walker, a Michigan litigant, appeals pro se a district court's orders granting summary judgment in favor of the defendants in this civil rights action filed pursuant to 42 U.S.C. Secs. 1983, 1985 and 1986. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Walker filed his suit alleging a violation of his rights under the Fourth Amendment. Walker asserted in his complaint that defendant Judge Teeple unlawfully executed a warrant allegedly affecting his property rights. Walker asserted that because of this, defendant zoning officers Lautner and Kigar lacked both the lawful court issued search warrant and/or Walker's express consent and proceeded to invade and trespass upon Walker's U.S. Patented Land. Walker also asserted that defendant prosecutor Young violated the doctrine of separation of powers and found Walker guilty prior to trial.
 
 
 4
 Upon de novo review of a magistrate judge's reports and recommendations, the district court granted summary judgment in favor of the defendants.
 
 
 5
 Upon review, we affirm the district court's orders granting summary judgment in favor of the defendants as there are no genuine issues of material fact and the defendants are entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); see LaPointe v. UAW, Local 600, 8 F.3d 376, 378 (6th Cir.1993).
 
 
 6
 Judge Teeple is entitled to a judgment as a matter of law because he is protected by absolute immunity from civil liability. See Mireles v. Waco, 502 U.S. 9, 11 (1991) (per curiam); Stump v. Sparkman, 435 U.S. 349, 356-57 (1978). The act complained of was taken in his official capacity as a judge and was not taken in the clear absence of all jurisdiction.
 
 
 7
 Defendant Young is entitled to a judgment as a matter of law to the extent that he is sued for monetary damages in his official capacity under 42 U.S.C. Sec. 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 & n. 10 (1989). Moreover, a prosecutor is immune from suit for damages on claims arising out of the performance of his duties. See Imbler v. Pachtman, 424 U.S. 409, 424-26 (1976).
 
 
 8
 Walker has waived his right to appeal the disposition of the claims asserted against defendants Kigar and Wagester because he did not file objections to the October 24, 1994, report and recommendation despite the magistrate judge's warning to do so. Thomas v. Arn, 474 U.S. 140, 155 (1985); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir.1981). While waiver may be excused under exceptional circumstances in the interests of justice, Thomas, 474 U.S. at 155 n. 15, no such circumstances exist in this case. Because a decision in Walker's favor would necessarily imply that his conviction and resulting confinement are invalid, summary judgment is proper. See Heck v. Humphrey, 114 S.Ct. 2364, 2373 (1994).
 
 
 9
 Defendant Lautner is entitled to a judgment as a matter of law because Walker's claims against defendant Lautner are barred by collateral estoppel. Federal courts must give state court judgments the same preclusive effect as they would be given under the law of the state in which the judgment was rendered. Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 80-85 (1984); Haring v. Prosise, 462 U.S. 306, 313 (1983). In Michigan, collateral estoppel precludes relitigating an issue in a subsequent cause of action if the parties are the same and the issue was actually litigated and necessarily determined in the first proceeding. People v. Gates, 452 N.W.2d 627, 630 (Mich.), cert. denied, 497 U.S. 1004 (1990).
 
 
 10
 In his state criminal prosecution, the jury returned the verdict of "guilty of resisting, obstructing, opposing or assaulting an officer carrying out an order...." The parties in the instant case are the same as the parties in the state court proceeding. Further, in his criminal trial, the court considered whether Walker interfered with defendant Lautner's and other officers' attempt to inspect the property. Walker contended that he did not obstruct the officers and argued the officers improperly dealt with him. Thus, Walker's assault and battery and Fourth Amendment claims were actually litigated in the state court proceeding and a jury resolved these matters adversely to Walker. Finally, the state court's finding against Walker involves the same underlying factual issues as Walker's assault and battery and Fourth Amendment claims against Lautner, and Walker had a full opportunity to litigate that issue in state court. Thus, the state court's judgment is entitled to the same preclusive effect in this subsequent federal action as it would enjoy in Michigan's state courts.
 
 
 11
 In addition, summary judgment in favor of defendant Lautner is proper because Walker has failed to establish the unlawfulness of his conviction by obtaining a reversal on appeal or on habeas corpus; therefore, he is not entitled to file suit for monetary damages. See Heck, 114 S.Ct. at 2372.
 
 
 12
 Finally, summary judgment is proper as to Walker's Secs. 1985 and 1986 claims because Walker has not alleged nor proved that the alleged conspiracy was motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus[.]" United Bhd. of Carpenters and Joiners, Local 610 v. Scott, 463 U.S. 825, 829 (1983). Additionally, because there is no valid claim under Sec. 1985, Walker's Sec. 1986 claim fails by definition. See 42 U.S.C. Sec. 1986; Harris v. Board of Educ., 798 F.Supp. 1331, 1346 (S.D.Ohio 1992).
 
 
 13
 For the foregoing reasons, the district court's orders are affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James H. Jarvis, II, Chief United States District Judge for the Eastern District of Tennessee, sitting by designation